No. 6001.

SUCCESSION OF HAMPTON ELLIOT. OPPOSITIONS TO ACCOUNT.

The court a qua decided properly in requiring the balance due on the note of Elliot, after exhausting the mortgage given to secure it, to be deducted from the mass of the estate before the partition. It was a debt of the deceased. The consideration thereof is immaterial. Mrs. Elliot must contribute to pay it, because the statute of Mississippi "gives her one-half of the personal estate after paying the debts of the deceased."

The assets having been placed in bank by order of the court pending litigation, the loss thereof occurring by the failure of the bank must fall equally upon both the owners of said assets, Mrs. Burke, the universal legatee and testamentary executrix of the deceased, and Mrs. Elliot, his wife. Mrs. Burke was under no obligation to protect Mrs. Elliot from loss occurring to funds not under her control. Being a half-owner, Mrs. Elliot had as good an opportunity to pursue the delinquent bank, or clerk, if they were in fault, as Mrs. Burke.

The item of five hundred dollars charged by Elliot's attorney for having, among other services rendered, " entered upon the business of securing evidence" for a contemplated suit for separation between Elliot and his wife, which was never brought, can not be regarded as legitimate. An attorney ought not to recover on such a demand. The court below erred in not rejecting this item so far as Mrs. Elliot is concerned.

Mrs. Elliott does not occupy the position of heir. The moment the death of her husband occurred, she was by the laws of the place of their domicile (Mississippi) vested with the ownership of one-half of the personal estate after paying the debts of the deceased. Therefore the judge a quo did not err in deciding that she was not liable to contribute to the payment of the attorneys employed by the universal legatee and testamentary executrix. There is no more reason why Mrs. Elliot should contribute to pay Mrs. Burke's attorneys than the latter should contribute to pay the fees of the attorneys of the former.

APPEAL from the Second District Court, parish of Orleans. *Edward D. White*, acting in place of Judge *Tissot*, recused. *E. Howard McCaleb* and *T. Wharton Collens*, for Mrs. Elliot, appellant. *J. L. Tissot, R. Shackelford*, and *Labatt & Aroni*, for Mrs. Burke, executrix and appellant, and for themselves. *B. R. Forman*, for executors of Ritchie.

*Semmes & Mott,* for Winchester & North. *A. J. Villeré,* for Joseph Duvigneaud. *J. S. Whitaker, E. Sabourin,* and *E. Bermudez,* for Mrs. Risley and Mrs. Bishop.

WYLY, J. In January, 1875, this court settled the controversy between Davis, Mrs. Risley, Mrs. Burke, and Mrs. Elliot in regard to the property belonging to the succession of Hampton Elliot, deciding that the deed to Davis was a simulation whereby Elliot sought to conceal his property from his wife, whom he had abandoned; that the pencil will set up by Mrs. Risley was invalid; that the will made by Hampton Elliot in Mississippi, the place of his domicile, whereby he made Mrs. Virginia Burke his universal legatee, was valid; that the charge of concubinage set up against Mrs. Burke to show her incapacity to receive the legacy was not sufficiently proved, and that Mrs. Elliot, the surviving widow, was by the laws of Mississippi entitled to one-half of the personal estate after paying the debts of the deceased. See 27 An. 42.

Soon after this decision Mrs. Burke, the testamentary executrix and universal legatee, filed an account which was opposed by Mrs. Elliot; it was also opposed by several creditors. Mrs. Elliot also sued for a partition, which was ordered.

Both these cases were consolidated, and from both judgments Mrs. Burke has appealed.

Mrs. Elliot, also joining in the appeal, prays that the judgment be amended as to three items which we will mention hereafter.

The creditors have not appealed.

In this court the controversy is between Mrs. Elliot, the surviving widow, and Mrs. Burke, the universal legatee, in regard to the settlement and partition of the estate.

The universal legatee contends that one-half of the large amount of attorneys' fees incurred by her in the course of the litigation between herself and the other three contestents, to wit: Mrs. Risley, Davis, and Mrs. Elliot, should be charged up to Mrs. Elliot; that as testamentary executrix she incurred this expense for the common benefit, and Mrs. Elliot, the surviving widow, should pay one-half thereof; that it is a succession debt, and Mrs. Elliot occupying the position of heir must allow this sum to be deducted from the estate before the partition thereof.

By the laws of Mississippi, the domicile of Elliot, his surviving widow is entitled to one-half of the personal estate after paying the debts of the deceased.

The attorneys' fees in question were not the debts of the deceased. They were expenses incurred by Mrs. Burke, mainly for her own benefit and to defeat the claims set up by Mrs. Elliot. To Mrs. Elliot it was a matter of indifference which of the wills of the deceased should be de-

termined the valid one. The rights accorded to her existed independently of the wills. She had an interest, however, in defeating the simulated title set up by Davis to the personal estate of Elliot. She employed able counsel, not only to defeat the rights set up under the two wills, but also to resist the pretensions of Davis; and to the defeat which the latter sustained the counsel of Mrs. Elliot contributed quite as much as the counsel of Mrs. Burke.

There is no more reason why Mrs. Elliot should contribute to pay Mrs. Burke's attorneys than the latter should contribute to pay the fees of the attorneys of the former. Mrs. Elliot does not occupy the position of heir. The moment the death of her husband occurred she was, by the laws of the place of their domicile, vested with the ownership of one-half of the personal estate after paying the debts of the deceased. We think the court a qua did not err in deciding this point in favor of Mrs. Elliot.

We turn now to the errors assigned by the appellee, Mrs. Elliot, in respect to which she prays an amendment of the judgment:

First—She objects to the claim of Winchester & North placed on the account.

Second—To the item of $3761 24, the loss sustained by the failure of Cavaroc's bank or by the fault of the clerk of the court, M. O. Tracy.

Third—To the item of $5675 56, the balance due on the note of Elliot to Mrs. Bishop after exhausting the mortgage.

As to the last item, the balance due on the note of Elliot after exhausting the mortgage given to secure it, we think there is no doubt the court decided properly in requiring it to be deducted from the mass of the estate before the partition. It was a debt of the deceased. The consideration thereof is immaterial. Mrs. Elliot must contribute to pay it, because the statute of Mississippi only gives her one-half of the personal estate "after paying the debts of the deceased."

As to the item of $3761 24, we think the judge below did not err in deducting it from the mass of the estate. The assets had been placed in bank by order of the court pending the litigation, and the loss occurring by the failure of the bank must fall equally upon both the owners. We do not find Mrs. Burke under any obligation to protect Mrs. Elliot from loss occurring to the funds not under her control. Being a half-owner, Mrs. Elliot had as good opportunity to pursue the delinquent bank, or clerk, if he was in fault, as Mrs. Burke.

As to the claim of Winchester & North for alleged services as attorneys of Hampton Elliot, we are of opinion that it should be rejected to the amount of $2050, on the bar of prescription set up by Mrs. Elliot. The item of five hundred dollars charged by said attorneys for entering "upon the business of securing evidence" for a contemplated suit for

separation between Elliot and his wife, which was never brought, we do not regard as legitimate; an attorney ought not to recover on such a demand. We think the court erred in not rejecting this item so far as Mrs. Elliot is concerned.

It is therefore ordered that, as to $2050 of the claim of Winchester & North, the judgment of the court below be amended by rejecting it as to Mrs. Elliot, and, as amended, that the judgments in these consolidated cases be affirmed, appellant paying costs of appeal.